DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, Melco Inc., holding that it did not bear vicarious liability for a motor vehicle accident negligently caused by off-duty Melco employee, Fred Galla. For all the reasons set forth in detail below, this court affirms the judgment of the trial court.
 {¶ 2} Appellants, Todd, Amanda, Timothy and Laurel Davis, set forth the following two assignments of error: *Page 2 
 {¶ 3} "1. The trial court erred in determining, as a matter of law, that Fred Galla was a fixed-situs employee at the time of the crash.
 {¶ 4} "2. The trial court erred in determining, as a matter of law, that Fred Galla was not within the scope of his employment at the time of the crash even if he was a fixed-situs employee."
 {¶ 5} The following undisputed facts are relevant to the issues raised on appeal. On March 5, 2004, Fred Galla was commuting to his home in suburban Oregon from a Melco job site at the Toledo Express Airport in Lucas County, Ohio. Galla was employed as a project superintendent for Melco, a commercial construction company.
 {¶ 6} Galla caused a rear end collision with appellants' vehicle at the intersection of Airport Highway and McCord Road. Appellants were stopped at the intersection waiting for a red light when Galla failed to stop and caused a rear impact collision. Galla's individual negligence and liability are not in dispute. Amanda Davis was transported to St. Luke's Hospital in Maumee where she was treated and released the following day. The Davis children were also treated at St. Luke's and released on the same day of the collision.
 {¶ 7} At the time of the collision, Galla was driving a Melco-owned truck which he was permitted to utilize solely for purposes of commuting to and from work. Galla was commuting home after work when the collision occurred. Galla was not performing any duties or engaging in any conduct on behalf of his employer at the time of the collision. *Page 3 
 {¶ 8} On March 3, 2006, appellants filed a complaint alleging negligence against Galla and vicarious liability against Melco. Appellants filed for summary judgment against Galla on the issue of liability regarding his negligence in the collision. On April 22, 2008, the trial court granted appellants' motion and found Galla negligent. Complaints filed against several other corporate entities connected to Melco were later dismissed by appellants.
 {¶ 9} Appellee Melco also filed for summary judgment on the issue of its alleged vicarious liability. In support, Melco asserted that Galla was a fixed-situs employee not acting within the scope of his employment at the time of the collision. On April 22, 2008, the trial court granted summary judgment to Melco. The trial court held that Galla was a fixed-situs employee and was not acting within the scope of his employment at the time of the underlying motor vehicle accident. This summary judgment ruling is the subject of this appeal. Appellants filed timely notice of appeal.
 {¶ 10} It is well established that an appellate court review of a disputed trial court's summary judgment determination is conducted pursuant to a de novo basis. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. As such, we independently review the disputed summary judgment determination without deference to the original summary judgment ruling. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. It is axiomatic that summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is *Page 4 
entitled to judgment as a matter of law. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ. R. 56(C).
 {¶ 11} In their first assignment of error, appellants assert that the trial court erred in finding Galla to be a fixed-situs employee for Melco. The Supreme Court of Ohio has established the test for determining whether an employee is a fixed-situs employee. A fixed-situs employee is one who commences their employment duties only upon arriving at a specific location designated by their employer. Ruckman v. CubbyDrilling Inc. (1998), 81 Ohio St.3d 117, 119.
 {¶ 12} In conjunction with the above guiding legal principle, it is well established that a fixed-situs employee commuting to and from work is not acting within the scope of employment. Curtis v. Gulley,2006-Ohio-6081, ¶ 12. This legal maxim is commonly referred to as the "coming and going" rule. The rationale underlying this rule is that an employee's travels to and from the workplace encompasses no substantive nexus to the business activities of the employer. Ruckman, at 121.
 {¶ 13} The deposition testimony of Galla is both illuminating and determinative in applying the above legal principles to the facts of this case. Galla's deposition testimony unambiguously established that at the time of the accident Galla regularly worked at a designated Melco job site, the Toledo Express Airport. Galla clearly testified that he performs no duties or actions on behalf of Melco upon leaving the job site, does not have an after-hours on-call requirement of any kind, is off the clock and on personal time when *Page 5 
commuting, and was not performing any actions on behalf of or connected to Melco at the time of the collision.
 {¶ 14} We have carefully reviewed and considered the record of evidence. The record unambiguously establishes that Galla commenced employment duties only upon arriving at, and only while at, the designated workplace. The record shows that Galla was a fixed-situs employee of Melco. We find appellants' first assignment of error not well-taken.
 {¶ 15} In their second assignment of error, appellants assert that the trial court erred in determining that, regardless of fixed-situs employee status, Galla was not acting within the scope of his employment at the time of the collision. In support, appellants contend that because Galla could pick up parts while going to or from a job site, his commuting should be construed as beneficial and legally connected to his employment for purposes of scope of employment status triggering vicariously ability.
 {¶ 16} It is indisputable that in order to be deemed within the scope of employment, an employee's conduct must be promoting and furthering the employer's business activities. Again, an employee's commute to and from the designated job site is not considered conduct within the scope of employment. Lipps v. Kash, 12th Dist. No. 07-05-060, 2008-Ohio-2628. Significantly, as applied to this case, the "coming and going rule" pertaining to employees off duty commuting practices is applied to claims of negligence liability premised upon respondeat superior.Patidar v. Tri-State Renovations, Inc., 10th Dist. No. 06-AP-212,2006-Ohio-4631, ¶ 10. *Page 6 
 {¶ 17} The record of evidence clearly establishes that Galla was not required to, or in a voluntary practice of, performing acts or duties in furtherance of Melco's business before arriving or after leaving the designated job site. More significantly, the record clearly establishes that at the time of the accident Galla was off the clock, on personal time, not on call, and not engaged in any activity on behalf of or connected to the business of Melco. Galla was a fixed-situs employee commuting home from the designated Toledo Express Airport jobsite to his home. As such, Galla was not acting within the scope of his employment so as to properly impose vicarious liability upon Melco. We find appellant's second assignment of error not well-taken.
 {¶ 18} We have carefully reviewed and considered the record of evidence. Applying the record of evidence in this case to the guiding legal principles, we find that reasonable minds can only conclude that Galla was a fixed-situs employee not acting within the scope of employment at the time of the collision.
 {¶ 19} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 1